**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**BRANDON K. KUYKENDALL,**

       **Plaintiff,**

**v.**                                  **No. 18cv35 JAP/CG**

**STEVEN L. BELL, LORI GIBSON WILLARD,
FREDDIE J. ROMERO, KEA W. RIGGS,
DUSTIN K. HUNTER, RAYMOND L. ROMERO,
NEW MEXICO HUMAN SERVICES DEPARTMENT
CHILD SUPPORT ENFORCEMENT DIVISION,
RICHARD L. KRAFT, KRISTEN A. WEGER, and
LAURENCE J. BROCK,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
DISMISSING CASE WITHOUT PREJUDICE**

On January 10, 2018, Plaintiff filed a COMPLAINT (Doc. No. 1) arising out of alleged

violations of his rights during state-court child support and custody proceedings, along with an

APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR

COSTS (Doc. No. 2) (Application). The Court will grant Plaintiff's Application but will dismiss

this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the

person is unable to pay the fees.

When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and provided the following information: (i) he was employed part-time as a laborer during the months of May, June, September, October and December and earned approximately $6,080.00 during that time; (ii) his monthly expenses total up to $1,100.00 not including child support and guardian ad litem fees; (iii) he has $47.00 in cash; and (iv) he owes $71,000.00 in child support. The Court finds that Plaintiff is unable to pay the filing fee because of his low income, his indebtedness for child support, his less than full-time employment, and his monthly expenses that exceed his average monthly income. Accordingly, the Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

This case arises out of a child support/child custody dispute that was adjudicated in state court. Plaintiff alleges violations of his constitutional rights during the state court proceedings. Defendants Steven L. Bell, Freddie J. Romero, Kea W. Riggs, Dustin K. Hunter and Raymond L. Romero were state court judges. *See* Complaint at 1-2. Defendant Lori Gibson Willard was

appointed by Defendant Bell as an "arm of the court;" her duties are not specified but she may be

a "guardian ad litem/visitation facilitator." Complaint 1, 3. Defendant Kristen A. Weger is the

mother of the child. Defendants Richard L. Kraft and Laurence J. Brock are attorneys who

represented Defendant Weger. Plaintiff seeks the following relief:

> a) To have my parental rights fully restored.
>
> b) To be awarded full legal custody of Kolby Cub Weger Kuykendall.
>
> c) To have the New Mexico Human Services Department-Child Support
> Enforcement Division refund all confiscated money "property" plus interest since
> the order was ruled upon during the ex-parte OSC hearing on 8/7/2015. I was
> unable to defend myself as the record clearly shows "RETURNED NOT
> SERVED" on 8/7/2015. I was not allowed to appear in my own defense, but have
> been financially destroyed as the result.
>
> d) To have my New Mexico Driver's License reinstated immediately at no
> expense.
>
> e) To be fairly compensated for each and every day that my Driving Privileges
> and Business License was revoked which rendered me unable to provide for
> myself and my family.
>
> f) To be compensated for the numerous due process and Constitutional violations
> committed against me.
>
> g) To be reimbursed $8,000 from Kea W. Riggs for forcing me to hire Clayton
> Hightower after suggesting jurisdiction should be transferred to California on
> 2/15/2016.
>
> h) And for such other relief as the Court deems just and proper.

Complaint at 10.

The Court will dismiss the claims that seek compensation "for the numerous due process

and Constitutional violations" from Defendants Bell, Freddie J. Romero, Riggs, Hunter and

Raymond L. Romero, who are judges, and Defendant Willard, who is an "arm of the court,"

because they are immune from suit. *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir.

2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) ("[S]tate court judges are absolutely

immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction"); *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008) ("[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process").

The Court will dismiss the claims that seek compensation "for the numerous due process and Constitutional violations" from Defendants Weger, Kraft and Brock for failure to state a claim because there are no factual allegations that they are state actors. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). Although Plaintiff makes the conclusory allegation that "defendants have conspired to violate the Plaintiff's Due Process rights," there are no factual allegations showing an agreement and concerted action among Defendants. Complaint at 3; *see Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 533 (10th Cir.1998) ("Allegations of conspiracy may, indeed, form the basis of a § 1983 claim. However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim").

The remainder of the relief Plaintiff seeks would require this Court to review and reverse the state court judgments that Plaintiff complains caused his injuries. "*Rooker-Feldman* precludes federal district courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Leathers v. Leathers*, 856 F.3d 729, 750 (10th Cir. 2017) (quoting *Mo's Express,*

*LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006)). "The doctrine 'is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Leathers v. Leathers*, 856 F.3d 729, 750 (10th Cir. 2017) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Having dismissed all of Plaintiff's claims because they fail to state a claim, because they seek monetary relief against defendants who are immune from that relief, or because they seek review of a state court judgment, and because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court will dismiss this action. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted; or . . .seeks monetary relief against a defendant who is immune from such relief").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d).

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants because it is dismissing this case.

IT IS ORDERED that:

(1)     Plaintiff's APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT

        PREPAYING FEES OR COSTS (Doc. No. 2) is GRANTED; and

(2)     Plaintiff's COMPLAINT (Doc. No. 1) is DISMISSED without prejudice.


_____
SENIOR UNITED STATES DISTRICT JUDGE